## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEMOND F. COOK (#367617)** | **CIVIL ACTION** |
| **VERSUS** | |
| **SGT. LAMONT, ET AL.** | **NO. 11-0358-BAJ-DLD** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 11, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DEMOND F. COOK (#367617)** | **CIVIL ACTION** |
| **VERSUS** | |
| **SGT. LAMONT, ET AL.** | **NO. 11-0358-BAJ-DLD** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 45. This motion is opposed.

The pro se plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Sgt. Wade Lamotte, Lt. Leonard Harris, Dpty Johnathan Malveaux, Dpty Alfred Glasper, Dpty Don Williams, Nurse "Jane Doe", Warden Dennis Grimes and Sheriff Sid Gautreaux,[1] complaining that his constitutional rights were violated on November 29, 2009, through excessive force and through deliberate indifference to his serious medical needs on that date.[2]

---

[1] In their Motion to Dismiss, the defendants have provided the full and correct spellings of the defendants' names, and the Court has utilized this information in the above listing of the defendants in this case.

[2] Defendants Nurse "Jane Doe" and S. Gautreaux have not been served in this proceeding. Specifically, it appears that when the plaintiff provided to the United States Marshal's Office the Form 285 which is utilized by the Marshal to determine the names and addresses of the persons to be served, the plaintiff failed to provide a correct address for service upon defendant "Jane Doe", and failed to include defendant S. Gautreaux on the form. Nor has the plaintiff made any attempt to correct these deficiencies upon receiving notice thereof through (1) the Court's Order quashing service upon defendant "Jane Doe", see rec.doc.no. 15, or (2) the absence of any appearance being made on behalf of S. Gautreux. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendants "Jane Doe" and S. Gautreaux be dismissed, without prejudice.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, supra. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, supra. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – that the pleader is entitled to relief.'" Id. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citations omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful conduct] devoid of further factual enhancement." Id. (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges that on November 29, 2009, he caused a commotion on his cell tier in order to obtain the attention of security officers who he believed were

unreasonably delaying inmates' access to exercise and to use of the telephones. Shortly thereafter, defendant Lamotte entered the hallway of the cell tier and approached the plaintiff's cell. When the plaintiff admitted to having been the source of the referenced commotion, defendant Lamotte instructed both the plaintiff and his cell-mate to go to the back of the cell and to stand facing the wall with their hands on the wall. Defendant Lamotte and several other officers then entered the plaintiff's cell. After allowing the cell-mate to leave the cell, defendant Lamotte then began to question the plaintiff about the commotion. When the plaintiff turned his head to respond, defendant Lamotte told the plaintiff to remain facing the wall. The plaintiff asserts that he initially complied with this directive, but he concedes that he thereafter again turned his head away from the wall to speak to the defendant, whereupon the defendant took a step backward and discharged a taser dart into the plaintiff's body. The plaintiff asserts that defendant Lamotte intentionally induced or tricked the plaintiff into turning his head so as to create an excuse to discharge the taser and that the defendant then continued to apply the taser to the plaintiff for an unreasonable length of time although the plaintiff was offering no resistance. The plaintiff further contends that, when he was thereafter escorted to the prison infirmary, he was intimidated into signing a form which refused any medical treatment for the injuries allegedly resulting from the referenced taser.

In response to the plaintiff's allegations, the defendants contend that the plaintiff's claims are barred by the applicable statute of limitations. For the following reasons, the Court concludes that this assertion cannot be confirmed on the record before the Court.

Initially, the Court notes that the defendants correctly point out that the applicable limitations period in this case is one year. Moore v. McDonald, 30 F.3d 616 (5th Cir. 1994) (holding that for a § 1983 action, the Court looks to the forum state's personal-injury limitations period, which in Louisiana is one year"). See also Clifford v. Gibbs, 298 F.3d 328 (5th Cir. 2002). The defendants are also correct that the limitations period for the plaintiff's claims commenced to run on November 29, 2009, when the alleged excessive force was utilized against him and when he was allegedly

denied medical attention. Moore v. McDonald, supra (holding that "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action"). See also Aduddle v. Body, 277 Fed.Appx. 459 (5th Cir. 2008). It therefore appears on the face of the plaintiff's Complaint, which was filed in this Court on or about May 25, 2011, 1½ years after the incidents complained of, that his claims may be time-barred. The plaintiff asserts, however, and the defendants concede, that in April, 2010, within the one-year period, the plaintiff filed a pleading in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, wherein he attempted to assert his claims relative to the events of November 29, 2009. The question then becomes, therefore, whether the running of the limitations period was interrupted by the filing of the referenced pleading in state court. In this regard, federal courts look to state law for the application of its tolling and interruption provisions. See Jackson v. Johnson, 950 F.2d 263 (5th Cir. 1992), citing Hardin v. Straub, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989).

A Court's disposition of a Motion to Dismiss brought pursuant to Fed.R.Civ.P. Rule 12(b)(6) is normally limited to a review of the allegations of the plaintiff's well-pleaded Complaint (and any attached documentation) and may not include consideration of evidentiary matters which are beyond the parameters thereof. See Fed.R.Civ.P. Rule 12(d). In the instant case, the Court does not have before it a copy of the plaintiff's initial state court pleading or any subsequent state court pleadings and, so, is unable to determine the effect that such pleadings may have had upon the running of the applicable limitations period. For this reason alone, the defendants' Motion to Dismiss must be denied. See Rivera v. Baton Rouge City Police Department, 75 Fed.Appx. 287 (5th Cir. 2003) (holding that it was "not clear from the face of [the plaintiff's] complaint" that his claims were time-barred inasmuch as he asserted that he had filed a timely state court lawsuit relative to the same claim).

Further, in addition to the foregoing, it is not clear what effect must be given to the plaintiff's state court pleadings. Under Louisiana law, the pendency of an action can interrupt the limitations

period.  See Rivera v. Baton Rouge City Police Department, supra.  See also La. Civ. Code arts. 3462 and 3463.[3]  Although it appears from the parties' assertions that the plaintiff's initial pleading in state court may have been incorrectly filed as a petition for judicial review of an administrative action under La. R.S. 15:1177 and not as an ordinary tort action, it further appears that the state court may have offered the plaintiff an opportunity to amend his pleadings to assert his claim in proper form.  It is unclear, therefore, whether the plaintiff's initial mis-filed pleading was sufficient to interrupt the limitations period and whether his claim remained pending in state court in the absence of such amendment.  Further, the defendants have not addressed the effect, if any, of the plaintiff's purported failure in state court to (1) either pay the court's filing fee or submit a properly completed motion to proceed as a pauper therein, (2) amend the pleadings when offered an opportunity to do so, or (3) serve any defendant named in the state court proceedings.  It is also not clear, without a review of the referenced state court pleadings, whether the plaintiff asserted in such pleadings a claim or claims of the violation of his federal constitutional rights, which is a prerequisite for the interruption of prescription as to that cause of action in this Court.  See Ford v. Stone, 599 F.Supp. 693 (M.D. La. 1984), affirmed, 774 F.2d 1158 (5th Cir. 1985) (holding that the plaintiff's state court petition failed to raise federal claims in a manner sufficient to interrupt prescription); Joseph v. City of New Orleans, 1996 WL 204433 (E.D. La., Apr. 25, 1996) (affirming summary judgment dismissing federal claims as prescribed because the filing of a suit in state court alleging only state law claims did not interrupt the prescriptive period with respect to the federal claims); Kaufman v. Singer, 1999 WL 253522 (E.D. La., Apr. 28 1999) (same).  Finally, it appears that the plaintiff may have effectively voluntarily dismissed his state court lawsuit prior to the filing of his Complaint in this Court, and La. Civ. Code art. 3463 provides that "[i]nterruption [of

---

[3] La. Civ. Code art. 3462 provides, in pertinent part, that "[p]rescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue."  La. Civ. Code art. 3462 further provides, in pertinent part, that such interruption "continues as long as the suit is pending."

prescription] is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter...."[4] This provision, as well, may be a justification for a finding by this Court's that the plaintiff failed to interrupt prescription as to the claims asserted herein.

Based on the foregoing, the Court concludes that the defendants' Motion to Dismiss must be denied, without prejudice to re-assertion of the limitations defense in connection with a properly supported motion for summary judgment.

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against defendants Nurse "Jane Doe" and S. Gautreaux be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Fed.R.Civ.P. Rule 4(m). It is further recommended that the Motion to Dismiss of the remaining defendants, rec.doc.no. 45, be denied, and that this matter be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on July 11, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[4] It appears that the plaintiff may have moved in the state court lawsuit for his claim to be, not voluntarily dismissed, but rather "transferred" to federal court and that, in response to this motion, the state court dismissed the pending lawsuit, without prejudice, concluding that "[p]laintiff wishes to have his suit heard in Federal Court."