# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DEMOND F. COOK (#367617)                           CIVIL ACTION

VERSUS

SGT. LAMONT, ET AL.                                NO.: 11-00358-BAJ

## RULING

This matter comes before the Court on the parties' cross-motions for summary judgment, rec.doc.nos. 79 and 80.

The pro se plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Sgt. Wade Lamotte, Lt. Leonard Harris, Dpty Johnathan Malveaux, Dpty Alfred Glasper, Dpty Don Williams, Warden Dennis Grimes, Sheriff Sid Gautreaux, and Nurse "Jane Doe", complaining that his constitutional rights were violated on November 28, 2009, through excessive force and through deliberate medical indifference needs on that date. Pursuant to earlier Magistrate Judge's Report and Recommendation, approved by the Court on August 22, 2012, see rec.doc.nos. 64 and 73, the plaintiff's claims asserted against defendants S. Gautreaux and "Jane Doe" have been dismissed.

The plaintiff now moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and excerpts from his administrative remedy proceedings and medical records.

The defendants move for summary judgment relying upon the pleadings, a Statement of Uncontested Material Facts, and certified copies of proceedings filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in the matter entitled Demond F. Cook v. Sgt. Lamont, Deputy, No. 589305 on the Docket of that Court.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra. This burden is not satisfied by some metaphysical doubt as to alleged material facts,
2

by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, supra. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. Little, supra, 37 F.3d at 1076. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

In his Complaint, as amended, the plaintiff alleges that on November 28, 2009, he caused a commotion in his cell in order to obtain the attention of security officers who he believed were unreasonably denying him and other inmates access to exercise and to use of the telephones. Shortly thereafter, defendant Lamotte and other officers arrived on the cell tier and approached the plaintiff's cell. When the plaintiff admitted to having been the source of the referenced commotion, defendant Lamotte instructed both the plaintiff and the plaintiff's cell-mate to retreat to the back

3

of the cell and to stand facing the wall with their hands against the wall. Defendant Lamotte and several other officers then entered the plaintiff's cell. After allowing the cell-mate to leave the cell, defendant Lamotte then began to question the plaintiff about the commotion. When the plaintiff turned his head to respond, defendant Lamotte told the plaintiff to remain facing the wall. The plaintiff asserts that he initially complied with this directive, but he concedes that he thereafter again turned his head away from the wall to speak to the defendant, whereupon the defendant took a quick step backward and discharged a taser dart into the plaintiff's body. The plaintiff asserts that defendant Lamotte intentionally induced or tricked the plaintiff into turning his head so as to create an excuse to discharge the taser and that the defendant then continued to apply the taser to the plaintiff for an unreasonable length of time although the plaintiff offered no resistance or provocation. The plaintiff further contends that, when he was thereafter escorted to the prison infirmary, he was intimidated into signing a form which refused medical treatment for the injuries he allegedly received as a result of the referenced taser application.

In response to the plaintiff's allegations, the defendants contend that the plaintiff's claims are barred by the applicable statute of limitations. For the following reasons, the Court concludes that this assertion has merit and that the plaintiff's claims before this Court are time-barred.

Pursuant to well-settled jurisprudence, the limitations period applicable to the plaintiff's claims in this case is one year. Moore v. McDonald, 30 F.3d 616 (5th Cir. 1994) (holding that for a § 1983 action, the Court looks to the forum state's personal-injury limitations period). See also Clifford v. Gibbs, 298 F.3d 328 (5th Cir. 2002) (applying Louisiana's one-year limitations period to an inmate's § 1983 claims). Further, it appears clear that the limitations period for the plaintiff's claims commenced to run on November 28, 2009, when the alleged incident of excessive force occurred and when he was allegedly denied medical attention. Moore v. McDonald, supra (recognizing that "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action"). See also Aduddle v. Body, 277 Fed.Appx. 459 (5th Cir. 2008). It therefore appears on the face of the plaintiff's Complaint, which was filed in this Court on or about May 25, 2011, 1½ years after the incidents complained of, that the plaintiff's claims may be time-barred. Although a defendant asserting a limitations defense under Louisiana law normally has the burden of establishing the elements of the defense, see Savoy v. St. Landry Parish Council, 2009 WL 4571851 (W.D. La., Dec. 1, 2009), the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled when the face of the Complaint reflects that more than a year has passed since the events complained of. Id.

The record reflects that on the date that the pertinent events occurred, the plaintiff filed an administrative grievance at the prison, complaining of the actions of the defendants. The defendants concede that the pendency of this administrative grievance suspended the one-year limitations period and that the limitations period did not begin to run until on or about January 3, 2010, when the plaintiff received a response from prison officials relative to the grievance. See La. R.S. 15:1172(E) (providing for suspension of the applicable limitations period while an inmate pursues administrative remedies).[1] The question then becomes whether any other activity was undertaken by the plaintiff during the ensuing one-year period which may have again suspended or interrupted the running of the limitations period. In this regard, federal courts look to state law for the application of its tolling and interruption provisions. See Jackson v. Johnson, 950 F.2d 263 (5th Cir. 1992), citing Hardin v. Straub, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989).

From a review of the parties' evidentiary submissions, it appears that in April, 2010, during the ensuing one-year period, the plaintiff filed a pleading in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, wherein he attempted to assert a claim relative to the events of November

---

[1] The defendants do not address the fact that it does not appear from the plaintiff's administrative record that he fully exhausted administrative proceedings, as mandated by 42 U.S.C. § 1997e, before filing the instant lawsuit in federal court. Specifically, it does not appear that the plaintiff proceeded to the second step of the administrative process after denial of his grievance at the first step on January 3, 2010. Notwithstanding, the Court need not address this apparent additional potential basis for dismissal of the plaintiff's claims.

6

28, 2009. Upon a review of the plaintiff's state court pleadings, however, and upon a review of applicable law, it appears clear that the pending state court proceedings did not interrupt the applicable limitations period in this case. Specifically, the plaintiff filed his state court pleading on a form for the assertion of an administrative appeal of the recently-concluded prison administrative remedy proceedings and, as a matter of law, this administrative appeal neither asserted nor preserved the inmate's tort claim seeking monetary damages for alleged injuries received at the hands of prison officials. To the contrary, the Louisiana Supreme Court has held, in Pope v. State, 792 So.2d 713 (La. 2001), that the administrative appeal procedure is not applicable to an inmate's tort claims. Further, Louisiana statutory law mandates that "[d]elictual actions for injury or damages shall be filed separately as original civil actions," see La. R.S. 15:1177, and the plaintiff did not comply with this provision in this case. Id. Accordingly, the plaintiff's state court petition for judicial review did not interrupt his claim for personal injury damages resulting from the events complained of. See Garrison v. State of Louisiana, 58 So.3d 1153 (La. App. 1st Cir. 2011) (unpublished) (dismissing an inmate's tort claim as time-barred because a petition for judicial review of an administrative claim did not interrupt the applicable limitations period in connection with the inmate's tort claims, finding that

7

"tort claims must be filed separately as original civil actions," and that "the judicial review procedure does not apply to delictual actions for injury or damages").[2]

Further, and more importantly, in order for a state court lawsuit to interrupt the applicable limitations period in connection with a federal claim arising under § 1983, a prerequisite for such interruption is that the state court lawsuit adequately assert the same federal claim that is subsequently asserted in federal court. See Ford v. Stone, 599 F.Supp. 693 (M.D. La. 1984), aff'd, 774 F.2d 1158 (5th Cir. 1985) (holding that the plaintiff's state court petition failed to sufficiently assert federal claims so as to interrupt the limitations period). See also Giles v. Ackal, 2012 WL 1458117 (W.D. La., March 27, 2012) (recognizing that a state court lawsuit interrupts the limitation period only "as to the causes of action filed in the earlier suit"); Kaufman v. Singer, 1999 WL 253522 (E.D. La., April 29, 1999) (holding that "[b]ecause no federal claims were raised in plaintiffs' state court lawsuit, prescription on such claims was not interrupted by the filing of that suit"); Joseph v. City of New Orleans, 1996 WL 293519 (E.D. La., May 29, 1996) (same); Brossette v. City of Baton Rouge, 837

---

[2] The plaintiff asserts that he should be forgiven the failure to assert his claims in an appropriate civil tort petition in state court because, prior to the filing of his petition for judicial review, he sent a letter to the state court clerk requesting a copy of a "§ 1983" complaint form, and the clerk improperly returned a form for asserting only a judicial review of an administrative claim. The Court is not persuaded by this argument. Specifically, and pretermitting consideration of the fact that the plaintiff's request for a federal "§ 1983" form was improper, the plaintiff could have, upon receipt of the incorrect form, again requested an appropriate form from the clerk of court, could have requested help or advice from an inmate counsel assistant at his place of confinement, or could have himself drafted a tort petition and foregone the use of the clerk's tendered form. Further, it appears from the record that the state court issued several orders in the state court proceedings, advising the plaintiff that his tort claim was not in proper form and directing him to resubmit his claim within a specified period of time. The plaintiff failed to comply with these directives within the time allowed.

8

F.Supp. 759 (M.D. La. 1993) (same). In the instant case, not only did the plaintiff file his state court pleading on a form for the assertion of an administrative appeal instead of as a petition for tort damages, but he made no reference whatever in his state court pleading to any federal law or federal cause of action. Accordingly, as in Giles v. Ackal, supra, "[b]ecause no federal claims were raised in plaintiff's state court lawsuit, prescription on plaintiff's federal claims based on § 1983 was not interrupted by the filing of that suit ... [and] [a]s such, prescription on [the plaintiff's] § 1983 claims has run and they must be dismissed on summary judgment as prescribed."

Finally, to the extent that the plaintiff seeks to invoke the supplemental jurisdiction of this court over any potential state law claims arising from the incident complained of, a district court may decline to exercise supplemental jurisdiction over state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims asserted against the moving defendants be dismissed as time-barred, the Court concludes that it is appropriate for the Court to decline the exercise of supplemental jurisdiction over any potential state law claims asserted herein.

Based on the foregoing,

**IT IS ORDERED** that the Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims.

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Summary Judgment, rec.doc.no. 79, be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' Motion for Summary Judgment, rec.doc.no. 80, be and is hereby **GRANTED**, dismissing the plaintiff's federal claims, with prejudice, as barred by the applicable statute of limitations, and that this action be dismissed.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 25th day of January, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**